[Civ. No. 18073. Fourth Dist., Div. One. Apr. 17, 1979.]

SARA ANN HOLLAND, Plaintiff and Appellant, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

**COUNSEL**

Tom Adler for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Melvin R. Segal, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Sara Ann Holland appeals the judgment after her petition for peremptory writ of mandate to order the Department of Motor Vehicles (DMV) to set aside the suspension of her driver's license was denied. Enforcement of the order of suspension was stayed by this court pending final determination of the appeal.

Holland was arrested and charged with driving under the influence of intoxicating liquor (Veh. Code, § 23102, subd. (a)). She refused to submit to a chemical test to determine the alcoholic contents of her blood which resulted in the suspension of her license for six months. (Veh. Code, § 13353.) Holland claims and the trial court found she was emotionally upset, having fought with her husband all weekend, and this impaired her judgment and caused her to refuse to take any of the three offered tests. Holland argues this finding excused her from the implied consent law and made the suspension of her license erroneous.

Vehicle Code section 13353 states in pertinent part:

"(a) Any person who drives a motor vehicle upon a highway shall be deemed to have given his consent to a chemical test of his blood, breath or urine . . . if lawfully arrested for any offense allegedly committed while the person was driving a motor vehicle under the influence of intoxicating liquor. The test shall be incidental to a lawful arrest . . . . Such person shall be told that his failure to submit to or complete such a chemical test will result in the suspension of his privilege to operate a motor vehicle for a period of six months.

"The person arrested shall have the choice of whether the test shall be of his blood, breath or urine, and he shall be [so] advised . . . . If the person arrested . . . is incapable . . . of completing any chosen test, he shall then have the choice of submitting to and completing any of the remaining tests or test . . . .

" . . . . . . . . . . . . . . . . . . .

"Any person who is dead, unconscious, or otherwise in a condition rendering him incapable of refusal shall be deemed not to have withdrawn his consent and such tests may be administered whether or not such person is told that his failure to submit to or complete the test will result in the suspension of his privilege to operate a motor vehicle.

"(b) *If any such person refuses the officer's request to submit to, . . . a chemical test, the department, upon receipt of the officer's sworn statement that he had reasonable cause to believe such person had been driving a motor vehicle upon a highway while under the influence of intoxicating liquor and that the person had refused to submit to, or failed to complete, the test after being requested by the officer, shall suspend his privilege to operate a motor vehicle for a period of six months.*" (Italics added.)

A review of the evidence shows there was reasonable cause to believe Holland was driving while drunk. After waiting for a green light she failed to go twice when the left-hand directional signal turned green. When she finally drove off she did not make the left-hand turn but went straight through and nearly collided with the raised island and signal. On stopping her, the officer noted she had the smell of alcohol on her breath. Getting out of the car Holland attempted the field sobriety test but swayed so much she had to be held so she would not fall. The officer observed her eyes were bloodshot and watery, her pupils constricted. The officer asked her to submit to a chemical test which she refused. Reasonable cause to believe a person is driving while drunk plus refusal to take the test is the conduct which under the statute, triggers the suspension of one's license (*McDonnell* v. *Department of Motor Vehicles,* 45 Cal.App.3d 653, 663 [119 Cal.Rptr. 804]; *Fallis* v. *Dept. of Motor Vehicles,* 264 Cal.App.2d 373, 380 [70 Cal.Rptr. 595]).

Holland suggests that because the trial court found her "refusal to consent to a chemical test was caused by her emotional condition which impaired her judgment" and because this disabling condition did not result from intoxication the DMV could not suspend her license. However, the statute hinges on whether there was reasonable cause to believe the driver was intoxicated. As noted above, there is substantial evidence here to support such a conclusion.

Holland seems to suggest that her disabling emotional condition made her incapable of refusing to take the test and she should not be deemed to have withdrawn her consent (Veh. Code, § 13353; see *Bush* v. *Bright,* 264 Cal.App.2d 788, 790 [71 Cal.Rptr. 123]). However, the trial court found Holland's judgment was impaired and this caused her to refuse to take the test; there is no suggestion Holland was unable to refuse; in fact, the record shows she objected strongly to the officer's request she submit to chemical tests.

The judgment is affirmed and the stay is dissolved.

Cologne, J., and Staniforth, J., concurred.

A petition for a rehearing was denied May 3, 1979, and appellant's petition for a hearing by the Supreme Court was denied June 14, 1979.